UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| JOSE HURTADO, et al.,<br><br>     Plaintiffs,<br><br>vs.<br><br>THE CITY OF ONTARIO, et al.,<br><br>     Defendants. | No. EDCV 12-00723-JLQ-(SPx)<br><br>ORDER TO SHOW CAUSE |

  This court has an obligation to consider subject matter jurisdiction, even if not raised by the parties. See *Spencer Enterprises, Inc. v. United States*, 345 F.3d 683, 686 (9th Cir. 2003)("This Court has the duty to consider subject matter jurisdiction sua sponte in every case, whether the issue is raised by the parties or not."). Federal courts are courts of "limited jurisdiction" and jurisdiction is a "threshold question which must be answered prior to the disposition of each case." *Libhart v. Santa Monica Dairy*, 592 F.2d 1062, 1064 (9th Cir. 1979).

  A review of the Notice of Removal (ECF No. 1), filed May 7, 2012, causes the court concern as to the propriety of the removal and the basis for this court's jurisdiction. The court has two concerns with the removal: 1) timing, and 2) federal question jurisdiction.

**A. Timing**

  28 U.S.C. Section 1446(b)(1) and (b)(3) provide that, "[t]he notice of removal of

ORDER - 1

a civil action or proceeding shall be filed within 30 days after the receipt by the defendant," of the initial pleading or "amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." The Notice of Removal states that Defendants were served with the initial Complaint on February 17, 2012. Defendants received the Amended Complaint on February 29, 2012, and contend that this is the pleading from which they could first ascertain the case was removable as presenting a claim arising under federal law. (ECF No. 1, p. 2). Defendants did not file the Notice of Removal until May 7, 2012, or 68 days after they received the Amended Complaint. Defendants state that they attempted to timely file the Notice on March 19, 2012, but that it was rejected by the Clerk. Defendants provide no sworn declaration or other evidence supporting this assertion. Further, Fed.R.Civ.P. 5(d)(4) provides: "The clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules or by a local rule or practice."

The timing requirement of Section 1446(b) is "mandatory," but it is not jurisdictional. See *Lewis v. City of Fresno*, 627 F.Supp.2d 1179,1182 (E.D. Cal. 2008). Being a "procedural defect," untimely removal may be waived if not timely asserted by the non-removing party in a motion to remand pursuant to Section 1447(c). In order to be timely, a motion to remand in this action would have to be filed **no later than June 6, 2012**. If Plaintiffs choose not to challenge the timeliness of the removal, the court will consider that issue waived. If the issue is raised, Defendants will have the burden of demonstrating procedural compliance with the statute. See *Riggs v. Plaid Pantries*, 233 F.Supp.2d 1260, 1264 (D. Or. 2001).

Defendants need to address how the clerk's alleged rejection of their notice of removal for "failure to include the Orders for the Appointment of the Guardian Ad Litem" (ECF No. 1, p. 3), allowed them an additional 38 days to timely file their Notice of Removal. In *Stone Street Capital v. McDonald's Corp.*, 300 F.Supp.2d 345 (D. Maryland 2003), the court addressed defendants' argument that they had attempted to file

ORDER - 2

the notice of removal on September 22, 2003, but that "technical difficulties" with the electronic filing system caused them to file the notice 1-day late on September 23, 2003. The court noted that to be "filed" a document must be delivered and received. In the case "where the clerk is in physical custody of the pleading, but delays full acceptance for filing and processing," the court at least has verification of the contents and time at which the pleading was presented. *Id.* at 349. However, in the case before it, "other than counsel's declaration, there is no evidence of the attempted filing in a form verifiable by the court or opposing counsel." *Id.* The court found the notice of removal was not timely filed and "the court cannot extend the time for filing removal because it simply does not have the authority to extend the removal period." *Id.* at 350.

### B. Federal Question Jurisdiction

Even more critical than the timing issue, is whether there is a basis for federal question jurisdiction. The Amended Complaint (ECF No. 1, p. 47) does not specifically enumerate a claim under federal law. The Amended Complaint sets forth three causes of action: 1) a state law claim of negligence, 2) a violation of a state public utility code, and 3) dangerous condition of public property claim (citing to state statutes). Defendants have the burden of establishing that the action arises under federal law. "The complaint, of course, is controlling and must be read as drawn by the plaintiff, unaided by the petition for removal." *Beacon Moving and Storage v. Local 814*, 362 F.Supp. 442 (S.D. NY 1972). However, it is also true that "removal is proper where the real nature of the claim asserted in the complaint is federal, whether or not so characterized by the plaintiff." *Id.* at 445. But, when the plaintiff has the choice of relying on federal or state law, then the plaintiff's allegations are controlling.

The Notice of Removal asserts that the Amended Complaint "presents claims governed by the Federal Railroad Safety Act ("FRSA"), 49 U.S.C. § 20103." (ECF No. 1, p. 2). However, the FRSA is not referred to in the Amended Complaint. The court is aware that there are some vague and general references to "federal" law and the Federal

ORDER - 3

Railroad Administration. However, a mere reference to federal law does not make the action one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. As the Supreme Court long ago recognized: "Not every question of federal law emerging in a suit is proof that a federal law is the basis of the suit." *Gully v. First Nat. Bank in Meridian*, 299 U.S. 109, 115 (1936). The fact that there may be a "question of federal law lurking in the background...is unavailing to extinguish the jurisdiction of the states." *Id*. at 117.

Finally, Defendants reference the FRSA as the alleged basis for removal, however that statute provides in pertinent part: "Nothing in this section creates a Federal cause of action on behalf of an injured party or confers Federal question jurisdiction for such State law causes of action." 49 U.S.C. 20106(c). Accordingly, the court has concerns regarding the basis for the alleged subject matter federal court jurisdiction on which the removal is based.

**IT IS HEREBY ORDERED**:

1. If Plaintiffs pose no challenge to the timing of removal by filing an appropriate motion **on or before June 6, 2012**, then the issue of whether the removal was timely pursuant to 28 U.S.C. § 1446(b) will be deemed waived.

2. Defendants shall file a brief, **on or before June 18, 2012**, which addresses the court's concerns regarding subject matter jurisdiction as set forth *supra*. This brief shall specifically address which portions of the Amended Complaint raise questions of federal law and which of Plaintiffs' claims arise under federal law. If Plaintiffs have challenged the timing of the removal, Defendants shall also respond to Plaintiffs' arguments concerning timely removal procedure. This brief shall not exceed 15 pages.

3. Plaintiffs shall then have the opportunity to file a combined response/reply brief on the issue of subject matter jurisdiction and timeliness of removal. This brief shall be filed **on or before June 29, 2012**, and shall not exceed 15 pages.

ORDER - 4

4.  The court will then hear argument on the issues (telephonically or in-person) on a date to be set by the court and if in person, in the United States Courthouse in Riverside, California.

**IT IS SO ORDERED.**

The Clerk shall enter this Order and furnish copies to counsel.

Dated this 31st day of May, 2012.

          s/ Justin L. Quackenbush
          JUSTIN L. QUACKENBUSH
          SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 5