1

2

3

4

# O

JS - 6

5   UNITED STATES DISTRICT COURT

6   CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

7

8   JOSE HURTADO, et al.,

9                                              No.  EDCV 12-00723-JLQ-SP

                      Plaintiffs,

10                                             ORDER RE: MOTION TO REMAND

11                    vs.

12   THE CITY OF ONTARIO, et al.,

13                    Defendants.

14   _____

15          BEFORE THE COURT is Plaintiffs' Motion to Remand (ECF No. 9) seeking to

16   remand the action to state court and arguing that this court lacks subject matter

17   jurisdiction and that the removal was procedurally defective.  Defendants have filed a

18   Response (ECF No. 11).The parties were heard in court on July 16, 2012.  Aletheia

19   Gooden appeared on behalf of Plaintiffs.  William Pohle, Jr. appeared for Defendants

20   Union Pacific, Bertrand Williams, and Lewis Hawkins.  Michael Sabongui was present

21   for Defendant City of Ontario.

22   **I.  Introduction**

23          This action was filed in the Superior Court of San Bernardino County on January

24   19, 2012.  The Plaintiffs are the husband and three surviving children of decedent, Stacy

25   Hurtado.  Mrs. Hurtado was killed in a train and automobile collision accident on

26   December 16, 2010.  Plaintiffs instituted this action against Union Pacific Railroad, two

27   of its employees individually, and the City of Ontario.  The Complaint and First

28   ORDER - 1

Amended Complaint are appended to the Notice of Removal (at ECF No. 1). The First Amended Complaint contains three enumerated claims: 1) Negligence, 2) Violation of Public Utility Code § 2106, and 3) Wrongful Death.

Defendant Union Pacific Railroad ("Union Pacific") was served on February 17, 2012, with the Complaint, and received the First Amended Complaint on February 29, 2012. (ECF No. 1, p. 2). Union Pacific contends that it was only upon receipt of the First Amended Complaint that it was able to discern that the claims were removable. Union Pacific contends that the First Amended Complaint presents claims that arise under the Federal Railroad Safety Act ("FRSA"), 49 U.S.C. § 20103. The Notice of Removal was filed in this court on May 7, 2012.

On May 31, 2012, this court issued an Order to Show Cause (ECF No. 8) raising concerns with the timeliness of removal and the basis for federal question jurisdiction. On June 6, 2012, Plaintiffs timely filed a Motion to Remand asserting that the FRSA does not create federal subject-matter jurisdiction and asserting two procedural defects with removal: 1) timeliness, and 2) failure to comply with the rule of unanimity in that Defendant City of Ontario did not consent to removal.

## II. Discussion

As Plaintiffs have timely asserted the procedural defects within 30 days as required by 28 U.S.C. § 1447(c), if Plaintiffs are correct as to any one of their three arguments, then this matter must be remanded. The court has begun its analysis with the procedural arguments.

### A. Unanimous Consent of Defendants

Federal courts have long observed the 'rule of unanimity', requiring the unanimous consent of all defendants for the removal of an action. That requirement is now embodied in the removal statutes: "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). The Ninth Circuit

ORDER - 2

has recognized the lack of defendant unanimity as a defect under 28 U.S.C. 1447(c) and held that district court orders remanding for lack of unanimity are not reviewable on appeal. See *Atlantic Nat. Trust v. Mt. Hawley Ins. Co.*, 621 F.3d 931 (9th Cir. 2010).

The Notice of Removal herein states that: "All Defendants have joined in and consent to removal to this Court." (ECF No. 1, p. 2). The Notice of Removal is signed by counsel for Union Pacific, Bertrand Williams, and Lewis Hawkins. It is not signed by counsel for Defendant City of Ontario ("City"). In the Motion to Remand, counsel for Plaintiffs avers that he spoke with counsel for the City, Mr. Sabongui, who advised the City took no position on removal. Plaintiffs attached an e-mail from Mr. Sabongui dated May 17, 2012, wherein he states: "We did not join or consent to the petition." (ECF 9-1, p. 42).

However, also of record is an e-mail from counsel for Union Pacific dated March 19, 2012, to Mr. Sabongui which states:

We are removing this suit to federal court. Given our discussion, I understand you are in agreement. We will serve you with our papers.

(ECF No. 12, p. 5). Mr. Sabongui replied: "Ok thanks." (*Id.*).

At this point, counsel for Union Pacific could have believed that he had the consent of the City. Counsel apparently had a conversation concerning removal, and counsel for Union Pacific sent the foregoing e-mail to Mr. Sabongui. This response is ambiguous. It could have referred to the removal or it could have referred to the "We will serve you with our papers," portion of that e-mail. However, the City has now filed its official position on the issue. See ECF No. 12, Declaration of Michael Sabongui. He states that the City has filed an Answer to the Complaint in state court. He confirms that he and counsel for Union Pacific had a telephone conversation on March 19, 2012. He states, in part, regarding this conversation:

I understood that [Union Pacific] would seek to remove the case, and I therefore requested to be placed on the proof of service and be served with all papers. I had

ORDER - 3

advised that the City of Ontario could not take a position, either in support of, or in opposition to, a removal to Federal Court.

(ECF No. 12, ¶ 5). He states that his response of "ok" was in regard to the statement, "we will serve you with our papers." He further states: "The City of Ontario, as a defendant in this case, maintains that it does not join, oppose or "consent" to the removal of this case to Federal Court. The City of Ontario does not take any position on removal." (ECF No. 12, ¶ 6).

It is unclear why the City continues to state that it takes a non-position. The City does have a position--it does not consent to the removal. Counsel for all parties in this action are well aware that the consent of all defendants is necessary for removal. Therefore, when the City says it advised it took no position, this rather unnecessarily muddied the waters. The City was actually refusing to join in or consent to removal, and was therefore preventing removal. The City could and should have more clearly conveyed this information to counsel for Union Pacific.

The failure to obtain the unanimous consent of the defendants "presents a procedural defect fatal to removal." *Ballard v. Dist. of Columbia*, 813 F.Supp.2d 34, 39 (D.D.C. 2011) citing *Loftis v. United Parcel Serv.*, 342 F.3d 509, 516 (6th Cir. 2003)("Failure to obtain unanimous consent forecloses the opportunity for removal under Section 1446."). The *Ballard* court further stated that consent must be timely, unanimous, and unambiguous. *Id.* at 38; see also *Unicom Systems v. National Louis University*, 262 F.Supp.2d 638, 640-41 (E.D. Va. 2003)(stating that the "well-established rule of unanimity does not require that each defendant sign the same removal notice. Instead, all that is required is that each defendant file a notice of removal, either independently or by unambiguously joining in or consenting to another defendant's notice."). Here, the City has not filed anything indicating that it joins in or consents to removal. The City's consent is not unambiguous. In fact, the City has filed a statement that it does not join in or consent, and further states it has filed an Answer in State court.

ORDER - 4

The unanimous consent of all of the Defendants is lacking, which requires remand to state court.

**B. Timeliness of Removal**

28 U.S.C. Section 1446(b)(1) and (b)(3) provide that, "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant," of the initial pleading or "amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." The Notice of Removal states that Defendants were served with the initial Complaint on February 17, 2012. Defendants received the Amended Complaint on February 29, 2012, and contend that this is the pleading from which they could first ascertain the case was removable as presenting a claim arising under federal law. (ECF No. 1, p. 2). Defendants did not file the Notice of Removal until May 7, 2012, or 68 days after they received the Amended Complaint. Defendants state that they attempted to timely file the Notice on March 19, 2012, but that it was rejected by the Clerk of the United States District for the Central District of California.

Defendants Notice of Removal does not contain a sworn declaration from counsel or court employees supporting this assertion. In Response to the Motion to Remand, counsel for Union Pacific avers that he directed his secretary to file the removal papers on March 19, 2012, and she made arrangements to have them filed on March 20, 2012. (ECF No. 11-1, ¶ 6). Regardless of what communications then ensued between a document filing company, OneLegal Service, counsel, and the courts, Defendants had an obligation to timely file the Notice of Removal. It does not make sense that the filing with the federal court would be rejected due to Plaintiffs' failure to obtain guardian ad litem paperwork in state court. 28 U.S.C. Section 1446(a) provides that in order to remove a case, a defendant shall file a notice of removal "together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." Further, Fed.R.Civ.P. 5(d)(4) provides: "The clerk must not refuse to file a paper solely

ORDER - 5

1   because it is not in the form prescribed by these rules or by a local rule or practice."

2       The only evidence offered that the federal court rejected the Notice of Removal

3   for filing on March 20, 2012 is the declaration of attorney William Pohle that his

4   secretary told him, that the document filing company told her, that it was "unable to file."

5   (ECF No. 11-1, ¶ 7).  This is not even a statement that the documents were delivered to

6   the Clerk's office and then rejected.  In order to be "filed" a document must be delivered

7   and received. *Stone Street Capital v. McDonald's Corp.*, 300 F.Supp.2d 345 (D.Maryland

8   2003).  The *Stone Street* court refused to accept a notice of removal that was filed just

9   one day out of time due to counsel's alleged "technical difficulties",  stating: "other than

10  counsel's declaration, there is no evidence of the attempted filing in a form verifiable by

11  the court or opposing counsel." *Id.* at 349.   In the case at bar, it could be that OneLegal

12  determined that the documents were not in proper form to be filed.  Rather than

13  contacting the federal court clerk's office to ascertain whether the information was

14  correct, counsel avers that they then contacted "the clerk for the Superior Court" and

15  counsel for the Plaintiffs in order to obtain guardian ad litem paperwork.  Defendants

16  have the burden of demonstrating procedural compliance with the removal statutes. <u>See</u>

17  *Riggs v. Plaid Pantries*, 233 F.Supp.2d 1260, 1264 (D. Or. 2001).  Defendants have not

18  met that burden.

19      The timing requirement of Section 1446(b) is "mandatory," but it is not

20  jurisdictional. <u>See</u> *Lewis v. City of Fresno*, 627 F.Supp.2d 1179,1182 (E.D. Cal. 2008);

21  <u>see also</u> *Dial-In, Inc. v. Aro Corp.*, 620 F.Supp. 27, 29 (N.D. Ill. 1985)("The thirty-day

22  period set forth in § 1446(b) is mandatory and cannot be extended by consent of the

23  parties or by court orders.").  Here, Plaintiffs have timely raised objection to the timing

24  of the removal in their Motion to Remand.  Here, there is no dispute that Union Pacific

25  received a copy of the Complaint and the First Amended Complaint.  The failure to

26  include the guardian ad litem orders did not extend the time for removal. Defendants

27  removal on May 7, 2012 was untimely.  Plaintiffs timely filed a Motion to Remand.  This

28  ORDER - 6

1  matter must be remanded to state court due to the untimeliness of removal.

2  **C.  Federal Subject Matter Jurisdiction**

3          Having determined that remand is required due to the untimeliness of removal and
4  the lack of unanimous consent of the Defendants, this court need not determine whether
5  the FRSA confers jurisdiction over this matter.   The question of whether the FRSA
6  provides an arguable basis for removal is however relevant to whether this court should
7  award fees and expenses. See 28 U.S.C. § 1447(c)("An order remanding the case may
8  require payment of just costs and actual expenses, including attorney fees, incurred as
9  a result of the removal.")  The decision of whether to award costs or fees rests in this
10 court's discretion.  "If non-removability is obvious or contrary to well-settled law, courts
11 regularly impose costs and expenses." *Ballard v. District of Columbia*, 813 F.Supp.2d
12 34, 45 (D.D.C. 2011).   Stated otherwise, courts may award fees if there was no
13 "objectively reasonable basis for removal." *Id.*

14         The court has already determined that it was reasonable for counsel for Union
15 Pacific to believe, incorrectly, that it had the unanimous consent of all Defendants at the
16 time it removed the action.  In fact, there was not unanimous consent at the time of
17 removal, but the belief that there was consent was reasonable.  The court finds more
18 questionable whether it was reasonable to believe that the 30-day time period for
19 removal would be extended to allow time to obtain allegedly required guardian ad litem
20 paperwork.  However, crediting the declaration of counsel for Union Pacific, as well as
21 his statements at oral argument, as true, the untimely filing could have been the result of
22 an innocent mistake.  Thus, the removal was not objectively unreasonable, unless there
23 was clearly no basis for federal subject matter jurisdiction.

24         Plaintiff argues that the 2007 Amendments to the FRSA clearly demonstrate that
25 there was no basis for removal.  The Amendments to 49 U.S.C. § 20106 provide in
26 relevant part:

27         (b) **Clarification regarding State law causes of action** - - (1) Nothing in

28 ORDER - 7

1   this section shall be construed to preempt an action under State law seeking

2   damages for personal injury, death, or property damage alleging that a party - -

3           (A)  has failed to comply with the Federal standard of care established by

    a regulation or order issued by the Secretary of Transportation (with respect to

4   railroad safety matters), or the Secretary of Homeland Security (with respect to

    railroad security matters), covering the subject matter as provided in subsection

5   (a) of this section;

6           (B) has failed to comply with its own plan, rule, or standard that it created

7   pursuant to a regulation or order issued by either of the Secretaries; or

8           (C) has failed to comply with a State law, regulation, or order that is not

    incompatible with subsection (a)(2).

9           (2) This subsection shall apply to all pending State law causes of action

10  arising from events or activities occurring on or after January 18, 2002.

11          **(c) Jurisdiction**. - - Nothing in this section creates a Federal cause of action

    on behalf of an injured party or confers Federal question jurisdiction for such State

12  law causes of action.

13  From a plain reading of this statutory language, it appears clear that the FRSA does not

14  confer federal question jurisdiction over this state law negligence and wrongful death

15  action.

16          However, Defendants rely on two Supreme Court cases which have found state

17  common law claims preempted by the FRSA - - *CSX Transportation, Inc. v. Easterwood*,

18  507 U.S. 658 (1993) and *Norfolk Southern v. Shanklin*, 529 U.S. 344 (2000).   In

19  *Easterwood*, the Supreme Court held that the FRSA preempted any common-law claim

20  that the conductor, while operating the train at a speed within federal limits, was

21  negligently proceeding too fast under the circumstances. In *Shanklin*, the Supreme Court

22  held that a state law claim for alleged failure to maintain adequate warning devices at a

23  grade crossing was preempted where the warning devices had been installed with federal

24  funds.

25          Importantly, both *Shanklin* and *Easterwood* pre-date the 2007 Amendments to the

26  FRSA.   Additionally, neither case was in federal court on the basis of a complete

27  preemption theory of subject matter jurisdiction.  Both cases were in federal court on the

28  ORDER - 8

basis of diversity of citizenship jurisdiction.    Nonetheless, Defendants argue that because Plaintiffs' allegations include that the train was speeding and that warning/crossing mechanisms were poorly maintained and inspected (two claims the Supreme Court has found to be preempted), that removal is proper.  Defendants state the case was removed "on the basis of complete preemption and presentation of a substantial federal question." (ECF No. 11, p. 2).

Defendants have the burden of establishing that this action arose under federal law. "The complaint, of course, is controlling and must be read as drawn by the plaintiff, unaided by the petition for removal." *Beacon Moving and Storage v. Local 814*, 362 F.Supp. 442 (S.D. NY 1972).  However, it is also true that "removal is proper where the real nature of the claim asserted in the complaint is federal, whether or not so characterized by the plaintiff." *Id.* at 445.  But, when a plaintiff has the choice of relying on federal or state law, then the plaintiff's allegations are controlling.

The Notice of Removal asserts that the Amended Complaint "presents claims governed by the Federal Railroad Safety Act ("FRSA"), 49 U.S.C. § 20103." (ECF No. 1, p. 2).  However, the FRSA is not referred to in the Amended Complaint.  The court is aware that there are some vague and general references to "federal" law and the Federal Railroad Administration.  However, a mere reference to federal law does not make the action one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  As the Supreme Court long ago recognized: "Not every question of federal law emerging in a suit is proof that a federal law is the basis of the suit." *Gully v. First Nat. Bank in Meridian*, 299 U.S. 109, 115 (1936).  The fact that there may be a "question of federal law lurking in the background...is unavailing to extinguish the jurisdiction of the states." *Id*. at 117.

It seems clear that the FRSA does not create subject matter jurisdiction: "Nothing in this section creates a Federal cause of action on behalf of an injured party or confers Federal question jurisdiction for such State law causes of action." 49 U.S.C. § 20106(c).

ORDER - 9

1    However there is support for Defendants' position that the 2007 Amendments were not

2    intended to be substantive, and were not intended to supplant *Shanklin* or *Easterwood*.

3    See *Henning v. Union Pacific*, 530 F.3d 1206 (10th Cir. 2008)(stating Amendments were

4    clarifying not substantive and Congress did not overrule *Shanklin*); *L.D. Grade v. BNSF*

5    *Railway*, 676 F.3d 680, 685-6 (8th Cir. 2012)("Because the Amendment is a clarification

6    and not a change, its application is limited to cases in which a plaintiff brings a

7    negligence claim that alleges a railroad failed to comply with an ongoing, federal

8    standard of care.  In such cases, a plaintiff's claims are not preempted.  However, where

9    a plaintiff brings a claim alleging a violation of a federal regulation that does not create

10   an ongoing, federal standard of care, the Amendment does not apply, and the plaintiff's

11   claims are governed by pre-Amendment preemption cases.").

12       Thus there is some legal basis for Defendants' position that the FRSA may still

13   preempt some state law claims even after the 2007 Amendments.  Therefore, Defendant's

14   theory of complete preemption as the basis for removal is not entirely meritless.

15   However, this court finds more compelling two Circuit opinions which have specifically

16   addressed removal based on complete preemption under the FRSA and rejected the

17   theory.  In *Bates v. Missouri & Northern Arkansas Railroad*, 548 F.3d 634 (8th Cir.

18   2008),  defendants removed the case to federal court arguing that some or all of the

19   claims "fell within the ambit of the FRSA, and were therefore completely preempted"

20   and the Eighth Circuit found that remand was proper.  The court stated: "[T]he FRSA

21   does not convert a state law claim into a federal cause of action.  Absent diversity,

22   therefore, a state court is the proper forum for litigating [defendant's] preemption

23   defense." *Id.* at 637.

24       Most recently, the Sixth Circuit rejected the FRSA as a basis for removal. See

25   *Hampton v. R.J. Corman Railroad*, 2012 WL 2290864 (6th Cir. June 19, 2012).  In

26   *Hampton*, defendants removed the action to federal court, and obtained summary

27   judgment in their favor.  The Sixth Circuit, raised *sua sponte* the issue of federal subject-

28   ORDER - 10

matter jurisdiction and found it to be lacking.   The court found that the FRSA does not, either explicitly or implicitly, create a private cause of action for private enforcement. *Id.* at *2.   The court noted that plaintiff's allegations that the railroad violated federal statutes and regulations and was therefore presumptively negligent under state law did not raise a substantial issue of federal law.   The Sixth Circuit stated the complete preemption theory is "very limited" basis for removal and applies only where Congress has "manifested a clear intent that claims not only be preempted under the federal law, but also that they be removable." *Id.* at *3.   The Sixth Circuit found no such clear intent under the FRSA.

### III. Conclusion

The removal was procedurally defective in two respects: 1) it was removed without the unanimous consent of all Defendants as the City did not consent; and 2) the Notice of Removal was untimely filed.   These defects were timely raised by Plaintiffs and require remand.   The court therefore need not resolve whether the FRSA creates subject matter jurisdiction based on the Defendants' complete preemption theory.   The court would likely find based on the allegations in the First Amended Complaint that removal was substantively improper as there was no basis for federal question jurisdiction.   However, the court need not conclusively decide that question, as the procedural defects require remand.   The court has examined the FRSA complete preemption argument only to ascertain whether Defendants had an objectively reasonable basis for removable.

The totality of Defendants' conduct - - failing to clearly obtain unanimous consent, untimely filing the Notice of Removal, and relying on a questionable legal basis for alleged jurisdiction--cause the court some concern.   Although presenting a 'close-call', the court has discretion in awarding attorney fees and costs, and will not award attorney fees and costs for this improper removal.

ORDER - 11

**IT IS HEREBY ORDERED**:

1.  Plaintiff's Motion to Remand (ECF No. 9) is **GRANTED**.

2.  This action is hereby remanded to the Superior Court of the State of California for the County of San Bernardino.  The Clerk of this court shall provide a copy of this Order and a copy of the court docket sheet to the clerk of the State court pursuant to 28 U.S.C. § 1447(c) from which it was removed.

**IT IS SO ORDERED.**

The Clerk shall enter this Order, furnish copies to counsel, furnish copies of this Order and this court's docket sheet to the Clerk of the San Bernardino County Superior Court, and close the file.

Dated this 17th  day of July, 2012.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 12